RODIER, INC. v. UNITED STATES

**No. 4736.**—Invoices dated Paris, France, April 12, 1933, etc.
Entered at New York April 22, 1933, etc.
Entry No. 817988, etc.

(Decided February 21, 1940)

*Fred Bennett* (*Harry M. Farrell* of counsel) for the plaintiff.
*Joseph R. Jackson,* Assistant Attorney General (*Webster J. Oliver,* special attorney), for the defendant.

BROWN, Judge: The merchandise involved in the instant appeals to reappraisement consists of certain wool dress goods, etc., imported by Rodier, Inc., of New York City from Rodier of Paris, France.

The importer entered the merchandise at foreign value based on wholesale quantities of 100 meters of yarn dyed and 300 meters of piece-dyed goods at the prices applicable to such wholesale quantities.

The appraiser valued the merchandise at foreign value based on wholesale quantity of one piece (35 to 50 meters) at the prices applicable to such wholesale quantity.

The only issue here is the proper wholesale quantity.

The same character of merchandise and the same issue was involved in reappraisement 106712–A in which the writer, as single judge, sustained the entered value, Reap. Dec. 3437, 66 Treas. Dec. 1263. This decision was affirmed on review by Division 3, Reap. Dec. 3601, 67 Treas. Dec. 1486, which in turn was affirmed by our Appellate Court, 23 C. C. P. A. 336, T. D. 48196.

At the trial of the instant case the importer moved to incorporate the record in reappraisement 106712–A, suit 3914, and, as there was no objection, same was incorporated herein. No new evidence was introduced by the importer.

The Government, however, attempted to introduce new evidence in the form of three special agents' reports which were all objected to by plaintiff's counsel and decision was reserved by the court as to the admissibility of said reports. They were marked for identification as Exhibits 1, 2, and 3.

An examination of Exhibit 1 for identification (which is now admitted in evidence as Exhibit 1 noting an exception) reveals that first, there is a statement that the special agent visited Rodier at their office in Paris and was given access to their books from which the special agent obtained the record of two sales to Maison City of Paris, Paris, France, who were the buying agents for City of Paris, San Francisco, Calif.

These two sales, as reported by the special agent, were undated and there is nothing in the various items of merchandise, in the absence of samples, from which to determine that the merchandise contained in these sales was similar to the merchandise involved in the appeals before us. In fact, even if the merchandise itself were similar, the superscription over the prices in these sales, namely "Joblot" or "Job" would clearly infer that the sales were not usual sales. On any and all counts the record of these sales cannot be accepted as controlling evidence in the cases at bar.

The report also sets forth the record of a number of sales by Rodier to French dealers, which the special agent states he was able to find from an examination of Rodier's books and records.

These sales are dated but the dates are, with a few exceptions, so much later than the latest shipment, May 1935, involved in the case at bar as to be of no importance as evidence herein. The exceptions mentioned above relate to merchandise, such as "silk scarves" or

"rayon" fabrics which is not involved in the appeals before us and, therefore, has no connection with the present case.

In this report the special agent states that he obtained from Rodier a number of samples of the merchandise which Rodier said the concern exported to the United States. These samples were forwarded with the report as Exhibit A. These samples are admitted in evidence for whatever probative value they may have in comparing with the samples of allegedly similar merchandise attached to affidavits from French dealers which constitute Exhibit 3 for identification. Samples A now marked Exhibit 1–A.

The remainder of this report has no evidential value although the precise list on page 14 comparing style number by style number certain cloths sold by a certain party and claimed by that concern, according to the special agent, to be similar to those mentioned as sold by Rodier, might at first glance seem to be exactly in point.

However, none of the styles mentioned in this list as similar Rodier goods is to be found in Exhibit A furnished to the special agent by Rodier as representing the various kinds of merchandise sold by Rodier to the United States merchants.

The special agent's report marked as Exhibit 2 for identification consists entirely of summaries by the special agent of the information, as he interprets it, of what is contained in the affidavits obtained by him from several French dealers, which affidavits make up Exhibit 3 for identification. This Exhibit 2 for identification contains nothing of evidential value in itself but as it constitutes a very handy index to, and is very helpful in checking the samples attached to the affidavits composing Exhibit 3 for identification, we hereby admit same only for the purposes mentioned. Same now marked Exhibit 2.

Exhibit 3 for identification consists of affidavits obtained by the special agent from several French dealers some of whom affirmed that they did not sell merchandise similar to that sold by Rodier and did not know what the usual wholesale quantities of such goods were.

The larger number of these French dealers when shown the samples that the special agent had obtained from Rodier (presumably those in Exhibit A) made affidavit that they did sell merchandise similar to that sold by Rodier and attached to their respective affidavits samples of such of their goods as they considered similar to those sold by Rodier. Exhibit 3 for identification is hereby admitted in evidence as Exhibit 3, for such probative value as may be found after a comparison of the samples attached to the respective affidavits with the samples in Exhibit 1–A, representing, according to the special agent, the merchandise exported by Rodier to the United States.

A careful comparison of each sample attached to the affidavits in Exhibit 3 with each of the samples in Exhibit 1–A reveals that only two or at most three samples could be considered similar in any way

and that these, in the absence of analysis, cannot be considered comparable.

The net result of the Government's new evidence is, therefore, to leave unchanged the state of facts passed upon in the incorporated case and gives no reason for departing from the decision and judgment therein.

I, therefore, find that in the instant case the entered values, less any additions made by the importer upon entry because of advances made by the appraiser, are the proper values of the wool dress goods here involved, such values representing the foreign value in the country of export, France, in the usual wholesale quantities of 100 meters for yarn dyed and 300 meters for piece-dyed fabrics at the usual wholesale prices applicable to said quantities freely offered to all purchasers of said quantities in the usual course of trade.

In all other respects and as to all other merchandise the dutiable foreign values are the values found by the appraiser. Judgment will issue accordingly.